CHARLES P. NOELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28249. Promulgated January 12, 1931.

*Charles P. Noell* pro se.
*O. J. Tall, Esq.*, and *H. T. Riley, Esq.*, for the respondent.

OPINION.

TRUSSELL: Petitioner, an attorney, claims deduction of certain amounts for each of the taxable years represented by personal checks made payable to cash and which he insists represented " ordinary and necessary expenses " of his practice of the profession from which his income is derived. The total of these checks to cash for each of the years is set out in the findings of fact. Petitioner insists that practically all of the money represented by these checks was spent in defraying regular and necessary expenses of his law practice, but he kept absolutely no record of these expenditures. He testified that it was his regular custom to draw a check to " cash," obtain the money on it, and put it in his pocket. Not even a memorandum was kept of items for which it was expended, but when expended another check was drawn and the supply in pocket replenished. Petitioner, however, asks the allowance of the total amount represented by the checks for each year upon the basis merely of his general recollection that substantially all of it was expended in traveling and in payments made to procure litigation. He makes no effort to segregate the two classes of expenditures, but it is indicated that his recollection is that expenditures for the latter purpose represented a greater part of the total of such expenses as he charges in his petition that expenditures to " secure business " represent approximately 35 per cent of his gross income.

The cost of securing this litigation, as testified to by petitioner, was through payments of cash made by him to employees of various corporations for information secured by them through their employment as to accidents or claims for personal injuries which might be made the subject of suits against their employers and for assistance by them in procuring his employment as attorney by the

injured parties, and also for securing information from the records of their employers useful to him in prosecuting these suits. We do not think it necessary in disposing of the issue to consider the question of the ethical propriety of the expenditures which may have been made by petitioner as above described in securing business and to decide whether such expenditures could, in any case, be considered as ordinary and necessary expenses of the practice of his profession by an attorney. Petitioner's claim for a deduction from gross income for such expenditures, even if they are allowable in character, must fail in view of the fact that the amount is not shown, nor has petitioner furnished any basis upon which an amount could be determined as having been so expended. In no single instance is the amount of the payment made an individual proven. In none of the years does petitioner even attempt to show how much was paid for this purpose. He testifies that he had a regular arrangement with certain individuals under which these payments of some thousands of dollars in each of the years were made to them, but the fact that he does not remember in any instance either the person or the amount paid is, to say the least, a reflection on the accuracy of his memory and it is upon this recollection that we are asked to find the total amount as paid in the several years. We must hold that the evidence of payment is insufficient to support the allowance of any amount as paid to secure business.

As to the expenses of travel, the situation is practically the same. Petitioner has kept no record or memoranda of either trips made or expenses incurred. The amount so spent by him in each of the taxable years is not remembered by him and we have no basis for determining an amount as the minimum cost of such travel. The only testimony of any sort as to time occupied in travel was the statement by petitioner in the course of his testimony that " I was away from home 50 per cent of the time," made on cross-examination and not in answer to a question calling for a statement as to time spent in travel for business purposes. It is not indicated to be more than a general estimation and petitioner kept no record by which it can be verified, nor is it shown, that such estimate is of time away from home on business alone. On the record we can not find an amount as within the cost of travel when we can not determine the time, distance or average daily cost. The cost of travel varies greatly and we must have some basis furnished by the record upon which we can reach a conclusion as to the amount of the cost.

Petitioner insists, however, that he has proven total amounts disbursed by him in cash for each year, and although unable to show the amount spent for travel and for procuring business, the sum of two classes of expenditures was represented by these totals. We

can not accept this view in the face of the record. The amounts disbursed in cash are shown by petitioner's evidence to be represented by the checks petitioner drew to cash for money to carry in pocket to meet obligations which might arise and necessitating cash payments. It may be that the larger portion of this cash was spent for the two purposes claimed by petitioner, but no record of any kind was kept. Petitioner admits that he can not remember the amounts or the parties to whom any of the payments were made, and it is admitted by him that this cash was also used to pay incidental personal expenses. How much these incidental expenses were, we do not know. Petitioner insists that they were negligible, as he paid his regular household and office expenses by check and not by cash, but we can not accept his general recollection as to those when his memory is admitted to be so uncertain as to amounts paid in cash for expenses claimed to be allowable. The incidental expenses in the case of a man with a substantial income may total a very large amount and such expenses are of a character less likely to be impressed upon the memory than the individual payments which petitioner claims to have made in cash for business purposes and as to which his recollection is admittedly hazy and uncertain. We can not determine an amount from his cash payments as allowable upon the basis of this memory which is unable to recall an individual to whom a cash payment was made or an amount paid by him in cash over the period of four years and totaling more than $36,000.

*Judgment will be entered for the respondent.*